## COMMONWEALTH of Pennsylvania, Appellee,

v.

## Ramone D. BERRY, Appellant.

Superior Court of Pennsylvania.

Submitted May 14, 2001.

Filed Oct. 9, 2001.

Jeanette D. Dickerson, Norristown, for appellant.

Mary M. Killinger, Assistant District Attorney, Norristown, for Commonwealth.

Before: CAVANAUGH, HESTER and BECK, JJ.

BECK, J.:

¶ 1 The sentencing issue in this case is whether a juvenile who has been tried as an adult raises a substantial question by claiming that the trial court failed to consider the juvenile's rehabilitative needs at sentencing. We hold that where the juvenile court held a hearing on the issue of transferring the matter to criminal/adult court, a substantial question is not raised by asserting that the criminal court failed to consider again the juvenile's rehabilitation needs at time of sentencing. We affirm the judgment of sentence.

¶ 2 Appellant Ramone Berry was convicted by a jury of burglary, indecent assault, and indecent exposure. At the time of the crime appellant was fourteen years old. At the time of sentencing he was sixteen years old. On September 15, 2000 the court imposed a sentence of six to twelve years imprisonment.[1]

¶ 3 An eighty-two-year old woman engaged appellant to shovel her walkway. He forced his way into her house, ordered her into the bathroom, pulled down his pants, exposed his erect penis, and demanded oral sex. After appellant's arrest a certification hearing was held in juvenile court. Appellant was certified as an adult pursuant to 42 Pa.C.S.A. § 6355, and the matter was transferred to adult criminal court. Following trial, and before sentenc-ing, his attorney unsuccessfully petitioned the court to remand the matter to juvenile court for sentencing alternatives pursuant to 42 Pa.C.S.A. § 6322, transfer from criminal proceedings. After sentencing, he filed a petition to modify sentence as explained in note 1, *supra*. This appeal followed.

¶ 4 We note that appellant's sentence is within the statutory limits for burglary, a felony of the first degree, that carries a maximum sentence of twenty years. 18 Pa.C.S.A. §§ 3502(c); 1103(1). Therefore, his challenge is to the discretionary aspect of his sentence, from which there is no appeal as of right. Such an appeal may be granted by the appellate court where it appears that there is a substantial question that the sentence imposed is not consistent with the specific provisions of the sentencing code or the sentence is contrary to the fundamental norms that underlie the sentencing process. *Commonwealth v. Losch*, 369 Pa.Super. 192, 535 A.2d 115 (1987). *See also* Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); *Commonwealth v. Pennington*, 751 A.2d 212 (Pa.Super.), *appeal denied*, 564 Pa. 729, 766 A.2d 1246 (2000).

¶ 5 On appeal appellant asserts that:

**A six to twelve year sentence for a sixteen year old youth for a charge of burglary, with guilty verdicts at the same trial for indecent assault and indecent exposure, ignores the rehabilitative needs of the defendant, and thus violates the fundamental norms which underlie the sentencing process.**

¶ 6 We begin by observing that ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question. *Common-*

---

1. The structure of the original sentence was six to twelve years for burglary, six to twenty-four months concurrent for indecent assault, and six to twelve months concurrent for indecent exposure. Appellant filed a petition to modify sentence and petition for reconsideration of sentence. On November 28, 2000 the court vacated the sentences for indecent assault and indecent exposure and reaffirmed the sentence for burglary.

*wealth v. Wagner,* 702 A.2d 1084, 1085 (Pa.Super.1997). Thus, appellant asks us to alter this established rule in the case of a juvenile who has been transferred to criminal/adult court and convicted in that court. However, appellant offers no authority for his request and, after consideration of the applicable law and the facts of this case, we decline to grant it.

■■■ ¶ 7 Appellant's rehabilitative needs and his amenability to rehabilitative intervention were considered by the juvenile justice system at the time of the certification hearing in the juvenile court. No statute or decisional law requires that rehabilitative needs be reexamined at the time the juvenile is sentenced in adult court. We are mindful of the public policy that requires that juveniles be treated differently from adult offenders. However, principles and policies of the juvenile system are no longer applicable where the juvenile court has assessed the potential for the juvenile's rehabilitation; determined that the defendant would not benefit from treatment as a juvenile offender; and transferred the juvenile's case to adult criminal court.

■■ ¶ 8 The statute governing juvenile matters supports our conclusion. The law explicitly addresses the criteria to be used by the juvenile court in deciding whether to transfer the case to adult criminal court. In making this determination, the court "**shall consider** ... whether the child is amenable to treatment, supervision or rehabilitation as a juvenile" by considering several factors, including age, mental capacity, maturity, degree of criminal sophistication, previous records, delinquent history, "including the success or failure of any previous attempts by the juvenile court to rehabilitate the child," and "whether the child can be rehabilitated prior to the expiration of the juvenile court jurisdiction." 42 Pa.C.S.A.

§ 6355(a)(4)(iii). A juvenile court must consider all the factors set forth in § 6355, and we, as a reviewing court, must assume that the juvenile court considered the entire record in doing so. *Commonwealth v. Jackson,* 555 Pa. 37, 722 A.2d 1030 (1999).

■■ ¶ 9 In reaching our conclusion, we do not decide that the rehabilitative needs of a person appellant's age are not significant matters for a court's attention. Rather, we conclude that the statute governing juvenile matters places the consideration of these needs in the juvenile court when it decides the question of certification to adult court. *See In re J.C.,* 751 A.2d 1178 (Pa.Super.2000) (one of the purposes of the Juvenile Act is to provide for the rehabilitative needs of young offenders). Once these needs have been assessed, and the accused is transferred to criminal court, the sentence following conviction rests within the adult sentencing court's discretion.

¶ 10 We note further that in addition to the certification hearing, which was followed by appellant's conviction in adult court, counsel again sought a transfer to juvenile court for purposes of sentencing, but the petition was denied. Therefore, both the juvenile court and the adult court have considered appellant's amenability to treatment and rehabilitative needs and both concluded that he was properly within the jurisdiction of the adult court.

¶ 11 Because the court was statutorily required to consider appellant's rehabilitative needs when deciding the certification issue, and because that issue was adequately addressed in this case, we find that appellant fails to raise a substantial question warranting review of the discretionary aspects of his sentence.

■■ ¶ 12 Despite our holding, we have reviewed the sentencing transcript carefully. The sentencing court's opinion informs us

that the court had the benefit of a presentence investigation, which it reviewed in detail on the record in open court. Opinion, p. 2.[2] The court explained that it considered the age and frail condition of the victim an aggravating factor. It also considered appellant's prior extended treatment in the juvenile system, and his quick return to criminal conduct once released from the juvenile system. The court considered appellant uncooperative with treatment, dangerous, aggressive, with no desire to control himself and with above average intelligence. The court stated, at the hearing on the petition to modify sentence, that it had considered all these factors again, and had decided not to change the sentencing order. N .T., 11/28/2000, at 11–12. Therefore, even if appellant were entitled to review on the merits, we would find no abuse of discretion.

¶ 13 Judgment of sentence affirmed.

---

2. We do not have the record of the sentencing hearing (September 15, 2000) before us, but we do have the record of the hearing on appellant's petition to modify sentence (November 28, 2000).