J-S37036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HECTOR L. PIMENTEL-CABAN | |
| Appellant | No. 2927 EDA 2014 |

Appeal from the Judgment of Sentence May 27, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003407-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 10, 2015**

Hector Pimentel-Caban appeals from judgment of sentence imposed in the Court of Common Pleas of Lehigh County after a jury found him guilty of attempted criminal homicide[1] and aggravated assault.[2]  Upon careful review, we affirm.

Pimentel-Caban lived at 944 Pine Street in Allentown, and the victim, Derrick Smith, lived across the street at 937 Pine Street.  At approximately noon on June 17, 2013, Pimentel-Caban was in front of 937 Pine St. when he saw Smith exit the building.  Upon noticing Pimentel-Caban, Smith re-entered the building, and shortly thereafter exited again, this time holding a

_____

[1] 18 Pa.C.S. § 901, 2501(a).

[2] 18 Pa.C.S. § 2702(a)(1).

Verizon cable box that Pimentel-Caban had previously asked Smith to return to him. Smith brought it to Pimentel-Caban, saying, "Here is your F-ing box." An exchange of unpleasant remarks led to Smith asking Pimentel-Caban what he was going to do about it, to which Pimentel-Caban responded, "I can show you better than I can tell you." N.T. Trial, 4/3/14, at 11-12.

Pimentel-Caban then entered 944 Pine St. where he retrieved a rifle. As summarized by the trial court:

> According to Pimentel-Caban, . . . [o]nce in possession of the rifle, he heard Smith inside [the multi-unit] residence [at 944 Pine St.] and decided to fire the weapon into the wall on either the second or third floor. [Pimentel-Caban] made his way downstairs with the rifle, and when Smith saw [Pimentel-Caban], he "ran out of the house." [Pimentel-Caban] pursued him and claimed that Smith reached for and then dropped a gun. Upon seeing that, [Pimentel-Caban] fired the rifle "into the ground." He also alleged that Smith "tried to come back," and so he fired another shot from the rifle. He then picked up the gun and after some verbal jousting between the two, Smith took off. [Pimentel-Caban] fired another shot from the rifle, and then returned to 944 Pine Street through the back entrance. While inside the residence, he observed Smith "lurking" outside, and so he decided to exit the residence and confront Smith. He said, "Yo, you really want it, man, you really want it." Smith then "took off running." [Pimentel-Caban] then went to 937 Pine Street, where the argument originated, and waited for Smith. A short time later, he observed Richard Perez, a resident of 944 Pine Street, with Smith. He was not sure, but he thought Perez was handing Smith the gun [he] had turned over to Perez when he returned to 944 Pine Street.
>
> It was then that [Pimentel-Caban] claimed Smith said, "All right, bitch, now is toe to toe," and with that [Pimentel-Caban] raised the rifle and fired. He returned to 944 Pine Street, and Perez also returned to the residence and told him, "Yo, you shot Derrick, you shot Derrick." [Pimentel-Caban] retorted that Perez

- 2 -

gave him a gun, which Perez denied. No gun was discovered on Smith, nor did any witness observe Smith with a gun.

Trial Court Opinion, 12/17/14, at 6-7 (citations omitted).

On April 3, 2014, after a three-day jury trial, Pimentel-Caban was found guilty of attempted criminal homicide and aggravated assault. On May 27, 2014, the court sentenced him to 20 to 40 years' incarceration. Pimentel-Caban filed post-sentence motions, which, after a hearing, were denied on September 25, 2014. On October 13, 2014, Pimentel-Caban filed a timely notice of appeal.

On appeal, Pimentel-Caban challenges the sufficiency of the evidence supporting his convictions and the discretionary aspects of his sentence.

With respect to Pimentel-Caban's first claim:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Lynch***, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotation marks omitted).

Section 2501 of the Crimes Code defines criminal homicide as follows:

**§ 2501.  Criminal Homicide.**

**(a) Offense defined.**—A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being.

18 Pa.C.S. § 2501(a).

Section 901 of the Crimes Code defines criminal attempt as follows:

## § 901. Criminal Attempt.

**(a) Definition of attempt.**—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S. § 901(a).

Pimentel-Caban claims the evidence was insufficient to prove beyond a reasonable doubt that he possessed the specific intent to kill because he feared the victim had a firearm he planned to use against him, and therefore, his culpability should be reduced to attempted voluntary manslaughter.[3]

Here, the trial court concluded that the Commonwealth presented sufficient evidence to prove beyond a reasonable doubt that Pimentel-Caban

---

[3] Section 2503(b) of the Crimes Code provides:

**(b) Unreasonable belief killing justifiable.**—A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title (relating to general principles of justification), but his belief is unreasonable.

18 Pa.C.S. § 2503(b).

- 4 -

had the specific intent that supports his conviction for attempted criminal homicide. The Commonwealth presented numerous eyewitnesses who testified to hearing multiple gunshots, seeing Pimentel-Caban walking with the rifle recovered at the scene of the shooting, or seeing him chasing after the victim and pointing the rifle in the direction of the victim. N.T. Trial, 4/1/14, at 122-24; N.T. Trial, 4/2/14, at 33-37, 74-81, 92-94. Police officers also testified to recovering multiple shell casings at the scene of the shooting that indicate that Pimentel-Caban shot at the victim multiple times. N.T. Trial, 4/1/14, at 87, 104-06; N.T. Trial 4/2/14, at 119. As the trial court notes, the fact that time passed between Pimentel-Caban firing the rounds from the rifle indicate that he had time to reflect on his decision. Trial Court Opinion, 12/17/14, at 8. This supports a finding of an intent to kill.

Finally, the surgeon who operated on the victim testified that the victim was shot in the neck, a vital area of the body, which is further evidence that Pimentel-Caban was aiming at the victim with the intent to kill him. N.T. Trial, 4/2/14, at 17-19; *see Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) ("specific intent to kill may be inferred by the use of a deadly weapon upon a vital organ of the body"). Accordingly, we agree with the trial court that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to sustain the verdict. *Lynch*, *supra*.

Next, Pimentel-Caban claims that his sentence was excessive. He argues that the trial court abused its discretion by not reducing his sentence

because it failed to consider his age, health, and educational and employment background.

Pimentel-Caban's allegation that his sentence was excessive is a challenge to the discretionary aspect of his sentence, which is not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test. **Commonwealth v. Prisk**, 13 A.3d 526 (Pa. Super. 2011).

> We conduct a four-part test analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether the appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Id.** at 532, citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).

Here, Pimentel-Caban filed a timely notice of appeal, and preserved his claim by raising it in a timely filed post-sentence motion. Pimentel-Caban's counsel has also included in his brief a statement pursuant to Pa.R.A.P. 2119(f), claiming that the trial court imposed an excessive sentence.

Judicial review of the discretionary aspects of a sentence is granted only upon a showing that there is a substantial question that the sentence was inappropriate and contrary to the fundamental norms underlying the Sentencing Code. **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987). A substantial question exists "only when the appellant advances a

colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision in the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).

Generally, "a claim that the sentencing court failed to consider or accord proper weight to a specific factor does not raise a substantial question." *Commonwealth v. Berry*, 785 A.2d 994, 996 (Pa. Super. 2001). Further, this Court has held that "a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). Finally, "where a sentence falls within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citations omitted).

Here, Pimentel-Caban's sentence falls within the sentencing guidelines and his claim that the sentencing court did not consider his educational, employment, and medical history is without merit. The court considered the presentence report, Pimentel-Caban's prior murder and weapons convictions, as well as testimony at the post-sentence motion hearing detailing Pimentel-Caban's background. Trial Court Opinion, 12/17/14, at 15-16; N.T. Post-Sentence Motion Hearing, 9/16/14, at 5-8. Any mitigating circumstances that could have reduced Pimentel-Caban's sentence were

considered, but ultimately, his prior murder conviction and obvious disregard for the law and public safety were given greater weight.

Pimentel-Caban has failed to raise a substantial question, and therefore is not entitled to review of the discretionary aspect of his sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015