J-S52035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD WAYNE MONTGOMERY | |
| Appellant | No. 285 WDA 2015 |

Appeal from the Judgment of Sentence of January 23, 2015
In the Court of Common Pleas of Blair County
Criminal Division at Nos.:     CP-07-CR-0000594-2010
CP-07-CR-0000595-2010
CP-07-CR-0002469-2010
CP-07-CR-0002493-2012

BEFORE:  SHOGAN, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:           **FILED NOVEMBER 05, 2015**

Richard Montgomery appeals the January 23, 2015 judgment of sentence, which the trial court imposed following the revocation of his probation. We affirm.

On July 13, 2013, Montgomery entered guilty pleas in three separate criminal cases. In the case docketed at CP-07-CR-594-2010, Montgomery pleaded guilty to driving while operating privilege is suspended or revoked, habitual offenders, and driving under the influence of alcohol or controlled substance ("DUI").[1] In the case docketed at CP-07-CR-595-2010, Montgomery pleaded guilty to habitual offenders and driving while operating

---

[1]     75 Pa.C.S. §§ 1543(b)(1), 6503.1, and 3802(a)(1), respectively.

privilege is suspended or revoked. Finally, in the case docketed at CP-07-CR-2469-2010, Montgomery pleaded guilty to habitual offenders and driving while operating privilege is suspended or revoked. The trial court sentenced Montgomery to an aggregate term of six years' probation in those cases.

On December 14, 2012, Montgomery pleaded guilty to possession of a controlled substance[2] and driving while suspended. The trial court sentenced Montgomery to thirty days' imprisonment for driving while suspended and to one year of probation for possession of a controlled substance, which the court imposed concurrent to all other sentences that Montgomery was serving.

While the record before us is incomplete, it appears that Montgomery was charged with, *inter alia*, possession of a controlled substance with intent to deliver ("PWID")[3] on three separate occasions between August 2013 and November 2013. Those charges were filed and docketed at CP-07-CR-1871-2013, CP-07-CR-2616-2013, and CP-07-CR-2621-2013. On June 2, 2014, Montgomery pleaded guilty to PWID in each of those cases. On that same day, the trial court sentenced Montgomery to an aggregate sentence of one year minus one day to two years minus two days' incarceration.

---

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(30).

On October 17, 2014, Montgomery stipulated to violating the conditions of his probation in the 2010 and 2012 cases. On January 23, 2015, the trial court held a **Gagnon II** hearing. **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973). At that hearing, Montgomery presented evidence of his chronic health conditions. Specifically, Montgomery suffers from coronary artery disease and peripheral vascular disease. At the time of the hearing, Montgomery was taking twenty-two different medications for those conditions. He also has a permanent pacemaker, a filter, a balloon, and numerous stents implanted throughout his body.

James Yaworski, an agent with the Pennsylvania Board of Parole and Probation, initially recommended sentencing Montgomery to three to six years' incarceration. However, in light of Montgomery's medical conditions, Agent Yaworksi recommended that the trial court impose a sentence of two to five years' incarceration. At the conclusion of the hearing, the trial court sentenced Montgomery to eighteen to thirty-six months' incarceration. On February 2, 2015, Montgomery timely filed a motion to modify his sentence, which the trial court denied without a hearing on February 5, 2015.

On February 17, 2015, Montgomery filed a notice of appeal. On March 2, 2015, the trial court ordered Montgomery to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March

26, 2015, Montgomery filed a Rule 1925(b) statement.[4]  On April 27, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Montgomery presents one issue for our consideration: "Whether the [trial] court abused its discretion and imposed a sentence grossly disproportionate on [Montgomery] when it failed to consider his serious heart condition that had gotten worse since he was imprisoned on probation violation charges and his advanced age?"  Brief for Montgomery at 11.

Montgomery's argument raises a challenge to the discretionary aspects of his sentence.  "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute."  *Commonwealth v. McAfee*, 849

---

[4]     The trial court's March 2, 2015 order directed Montgomery to file and serve upon the trial court his concise statement "within twenty-one (21) days of the date of this Order," *i.e.,* on or before March 24, 2015.  *See* 1925(b) Order, 3/2/2015, at 1.  Although Montgomery's Rule 1925(b) statement, which he filed on March 26, 2015, appears to be untimely, this Court has held that a failure by the prothonotary to "give written notice of the entry of a court order and to note on the docket that notice was given" will prevent waiver for timeliness pursuant to Pa.R.A.P. 1925(b).  *In re L.M.*, 923 A.2d 505, 510 (Pa. Super. 2007).
    Instantly, the docket does not indicate that the prothonotary provided notice to the parties of the trial court's March 2, 2015 order.  Additionally, there is a hand-written notation on the reverse side of the trial court's 1925(b) order that reads, "3/26/15 faxed to [Montgomery's counsel]." 1925(b) Order, 3/2/2015, at 1.  Accordingly, we decline to conclude that Montgomery has waived his issue on appeal for failure to file a timely Rule 1925(b) statement.  *See In re L.M.*, 923 A.2d at 510 ("If the docket does not show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will not conclude that the appellant's issues have been waived[.]").

A.2d 270, 274 (Pa. Super. 2004). Before reaching the merits of Montgomery's claim, we must undertake a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa. Super. 2006).

In order to raise a substantial question, an appellant must advance a colorable argument that his or her "sentence violates either a specific provision of the sentencing scheme set forth in the sentencing code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002). Our inquiry must focus upon the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits. **Id.**

Instantly, Montgomery has timely filed a notice of appeal, preserved his claims in a timely post-sentence motion, and included in his appellate brief a separate Rule 2119(f) statement.[5] Because Montgomery has

---

[5] In pertinent part, Rule 2119 provides:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The

*(Footnote Continued Next Page)*

complied with the technical requirements to challenge the discretionary aspects of his sentence, we proceed to determine whether he has presented a substantial question that the sentence imposed is not appropriate under the sentencing code.

In his Rule 2119(f) statement, Montgomery contends that the trial court failed "to adequately consider [his] serious heart condition and the fact that he had been recently hospitalized twice for said heart condition since imprisoned for the probation violation charges." Brief for Montgomery at 14. He also argues that the court "failed to properly take into account [his] advanced age of 64." **Id.** Montgomery's Rule 2119(f) statement does not identify a specific provision of the sentencing code with which his sentence is inconsistent, or a fundamental norm of the sentencing process contrary to his sentence. **See Mouzon**, *supra*.

Moreover, this Court has held that "an allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors does not raise a substantial question that the sentence was inappropriate." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1222 (Pa. Super. 2011); **see also Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013) ("Appellant's argument that the trial court failed to give adequate weight to

_(Footnote Continued)_ ───────────────

> statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f).

mitigating factors does not present a substantial question appropriate for our review."); *Commonwealth v. Berry*, 785 A.2d 994, 996 (Pa. Super. 2001) ("[O]rdinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question."). Accordingly, Montgomery has failed to raise a substantial question, and we do not review the discretionary aspects of his sentence.[6]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2015

---

[6] Even if Montgomery had raised a substantial question, the record belies his contention that the trial court failed to consider his chronic illness. Indeed, the trial court's sentencing order explicitly states, "[Montgomery's] health condition has been taken into consideration, and the [c]ourt . . . believes that he will receive substantially better medical care in a State Correctional Institution." Order, 2/10/2015, at 3-4.