J-S27021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMANDA E. BECKER | |
| Appellant | No. 1626 MDA 2015 |

Appeal from the Judgment of Sentence August 19, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001807-2014
CP-36-CR-0001810-2014
CP-36-CR-0001811-2014

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 22, 2016**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Lancaster County following Appellant's open guilty plea to two counts of aggravated assault, and one count each of aggravated harassment, resisting arrest, disorderly conduct, and theft by unlawful taking.[1] On appeal, Appellant challenges the discretionary aspects of her sentence. We affirm.

The relevant facts and procedural history have been aptly set forth by the trial court, in part, as follows:

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 2703.1, 5104, 5503(a)(2), and 3921(a), respectfully.

_____

*Former Justice specially assigned to the Superior Court.

On April 3, 2014, [Appellant] stole a 1998 Dodge Grand Caravan that belonged to the father of a friend with whom she had stayed for several nights, resulting in a charge of [t]heft by [u]nlawful [t]aking (F-3) on Docket 1811-2014.

At the preliminary arraignment, bail was set for this charge and, being unable to make bail, [Appellant] was remanded to the Lancaster County Prison[.]  She subsequently became combative and violent when police [officers] attempted to put her in the patrol unit, and she kicked an officer in the right leg.  This resulted in a new charge of [a]ggravated [a]ssault (F-4) on Docket 1807-2014.

The four charges on Docket 1810-2014 stem from the following series of incidents.  [Appellant], while being interviewed on March 27, 2014, as a potential witness in an animal attack investigation, became belligerent and uncooperative and, upon being advised to relax, continued to yell and scream.  [The] [p]olice soon determined that [Appellant] had two summary warrants through the Lancaster City Police and was taken into custody.  Upon being taken into custody, [Appellant] became violent and combative.  When officers attempted to place [Appellant] in a police car, she continued to resist, kicking one of the officers in the right leg several times.  After continuing to kick and flail, police [officers] finally succeeded in restraining [Appellant] by using leg restraints and a hobble device.  Finally, following her arrival at the Ephrata Police Department, she spit in another officer's face.

Trial Court Opinion, filed 11/10/15, at 1-3 (footnotes and citations to record omitted).

The trial court consolidated the charges, and on September 17, 2014, Appellant pled into the Lancaster County Mental Health Court Program ("Mental Health Court Program").  Specifically, on September 17, 2014, she pled guilty to theft by unlawful taking on Docket 1811-2014, and she was placed on probation for five years with numerous conditions, including successful completion of the Mental Health Court Program.  On Docket 1807-

2014, she pled guilty to one count of aggravated assault, and on Docket 1810-2014, she pled guilty to four offenses, including aggravated assault, aggravated harassment, resisting arrest, and disorderly conduct. Sentencing was deferred on the charges at Dockets 1807-2014 and 1810-2014 pending Appellant's successful completion of the Mental Health Court Program.

Thereafter, Appellant did not successfully complete the Mental Health Court Program, and in fact, she absconded. Appellant was eventually apprehended and discharged from the Mental Health Court Program. At the time of the discharge, the trial court ordered a pre-sentence investigation report.

Following a sentencing hearing on August 19, 2015, at which Appellant was represented by counsel, the trial court sentenced Appellant as follows: On Docket 1807-2014, as to aggravated assault, ten months to two years in prison. On Docket 1810-2014, as to count one, aggravated assault, ten months to two years in prison, to run consecutively to the sentence imposed on Docket 1807-2014; as to count two, aggravated harassment, ten months to two years in prison, to run consecutively to the sentence imposed on count one of Docket 1810-2014 and Docket 1807-2014; as to count three, resisting arrest, and count four, disorderly conduct, costs only. On Docket 1811-2014, as to theft by unlawful taking, one year to two years in prison, to run concurrently with the other sentences. The resulting aggregate

sentence was two and one-half years to six years in prison. The trial court gave Appellant credit for all time served.

On August 27, 2015, Appellant filed a timely, counseled post-sentence motion in which she preserved her challenge to the imposition of consecutive sentences by alleging "the imposition of the consecutive sentences is excessive, in light of the fact that [Appellant] has already spent nearly 10 months incarcerated in Lancaster County Prison prior to and during her participation in Mental Health Court." Appellant's Post-Sentence Motion, filed 8/27/15.

By order entered on September 1, 2015, the trial court denied Appellant's post-sentence motion, and this timely appeal followed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the trial court filed a responsive Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant challenges the discretionary aspects of her sentence. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006) (citations omitted).

In the instant case, Appellant filed a timely notice of appeal and a timely post-sentence motion. She also included a separate Pa.R.A.P. 2119(f) statement in her appellate brief. As to whether Appellant has presented a substantial question, we must examine the specific sentencing issue raised by Appellant.

In her Pa.R.A.P. 2119(f) statement, Appellant alleges "the trial court's cumulative sentence of two and one-half to six years incarceration was clearly unreasonable and so manifestly excessive as to constitute an abuse of discretion."[2] Appellant's Brief at 8 (citations omitted).

It is well-settled that:

_____

[2] To the extent Appellant suggested in her Pa.R.A.P. 2119(f) statement that the imposition of consecutive sentences raised a substantial question since the sentence was not consistent with the factors set forth in 42 Pa.C.S.A. § 9721, this argument is waived since it was not presented to the sentencing court in the post-sentence motion or during Appellant's sentencing hearing. ***See Commonwealth v. Griffin***, 65 A.3d 932 (Pa.Super. 2013) (discussing preservation of discretionary aspects of sentencing claims). Moreover, Appellant's attempt to preserve this specific issue in her court-ordered Pa.R.A.P. 1925(b) statement is unavailing. ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004) (holding the failure to preserve specific discretionary aspects of sentencing claims in post-sentence motions or at the sentencing hearing may not be cured by raising the claim for the first time in a Pa.R.A.P. 1925(b) statement).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010) (citation, quotation marks, and quotation omitted).

With regard to the imposition of consecutive sentences, which resulted in Appellant's cumulative sentence of two and one-half to six years incarceration, this Court has held:

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa.Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa.Super. 2012)[(*en banc*)].

[An appellant] may raise a substantial question where [s]he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Swope*, 123 A.3d 333, 338-39 (Pa.Super. 2015) (quotation omitted). As this Court has emphasized, "the key to resolving the preliminary substantial question inquiry is whether the decision to

sentence consecutively raises the aggregate sentence to, what appears upon its fact to be, an excessive level in light of the criminal conduct at issue in the case." **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa.Super. 2011) (quotation marks and quotation omitted).

In the case *sub judice*, as the Commonwealth cogently argues in its appellate brief, Appellant's preserved challenge to the imposition of consecutive sentences does not raise a substantial question permitting our review. **See** Commonwealth's Brief at 7-8. Simply put, Appellant has not framed and preserved her issue in a manner that suggests the trial court's decision to impose consecutive sentences "raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in this case." **Prisk**, 13 A.3d at 533 (quotation marks and quotation omitted). Accordingly, we conclude Appellant has not raised a substantial question permitting our review as to the trial court's imposition of consecutive sentences.[3]

_____

[3] We note that, in her post-sentence motion, Appellant also averred "[Appellant] has struggled with mental health issues from an early age, and desires to seek serious treatment in a long-term inpatient mental health facility as opposed to a State Correctional Institution." **Id.** This averment does not present a cogent issue concerning the trial court's exercise of discretion in imposing Appellant's sentence. To the extent Appellant was attempting to argue the trial court did not adequately consider the mitigating factor of her mental health in imposing jail time, as she suggested on appeal, such would not present a substantial question. **See Commonwealth v. Berry**, 785 A.2d 994 (Pa.Super. 2001) (holding

*(Footnote Continued Next Page)*

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016

---

*(Footnote Continued)*

allegation the trial court failed to consider a certain mitigating factor adequately does not raise a substantial question).