J-S09016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                                :                PENNSYLVANIA
                                                  :
               v.                                  :
                                                  :
RICHARD WESLEY MUDGE                :
                                                    :
                   Appellant            :     No. 731 WDA 2018

Appeal from the Judgment of Sentence May 8, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004022-2012

BEFORE:    PANELLA, P.J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED MARCH 25, 2019**

Richard Wesley Mudge appeals from his judgment of sentence, entered in the Court of Common Pleas of Allegheny County, following his third violation of probation. In 2012, Mudge originally entered a *nolo contendere* plea to indecent assault,[1] two counts of simple assault,[2] resisting arrest,[3] defiant

---

\*    Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3126(a)(2).

[2] 18 Pa.C.S.A. § 2701.

[3] 18 Pa.C.S.A. § 5104.

trespass,[4] harassment,[5] criminal mischief,[6] and public drunkenness.[7] On appeal, Mudge challenges the discretionary aspects of his sentence. After careful review, we affirm.

After Mudge pleaded guilty to the above-mentioned charges, the trial court sentenced him to three months' intermediate punishment and a consecutive term of two years' probation for indecent assault and two years' probation concurrent with the indecent assault sentence for both simple assault convictions. On January 27, 2014, Mudge's first violation of probation resulted from a new conviction for disorderly conduct[8] on December 11, 2013. On November 14, 2016, his second violation of probation resulted from guilty pleas in two new convictions, namely: (1) on February 18, 2016, Mudge pleaded guilty for failure to register with the State Police as required by Megan's Law for his 2012 indecent assault conviction, in violation of 18 Pa.C.S.A. § 4915; and (2) on September 21, 2016, Mudge pleaded guilty to forgery, in violation of 18 Pa.C.S.A. § 4101(a)(3).

---

[4] 18 Pa.C.S.A. § 3503(b)(1)(i).

[5] 18 Pa.C.S.A. § 2709.

[6] 18 Pa.C.S.A. § 3304(a)(5).

[7] 18 Pa.C.S.A. § 5505.

[8] 18 Pa.C.S.A. § 5503(a)(4).

On May 7, 2018, the trial court revoked Mudge's probation for the third time. The trial court found that Mudge engaged in conduct that violated the terms of his 2012 plea deal supervision including failing to refrain from the use of illicit drugs, provide urine screens to New Beginnings, participate in drug and alcohol treatment and comply with the terms of his Justice Related Services plan.[9] The court subsequently sentenced Mudge to an aggregate sentence of three years and six months' to seven years' incarceration, followed by two years' probation. Mudge timely filed a notice of appeal on May 21, 2018, and thereafter, a Pa.R.A.P. 1925(b) concise statement of errors complained on appeal.

On appeal, Mudge raises the following issue for our consideration:

> Whether the [c]ourt erred in denying [Mudge's] post-sentence motion when the record shows that the [c]ourt abused its discretion by sentencing [Mudge] without proper consideration of numerous mitigating factors, including [Mudge's] drug and alcohol addiction and rehabilitative efforts, history of maintaining gainful employment, and participation and compliance with mental health and sex offender treatment.

Brief of Appellant, at 3.

In his sole issue on appeal, Mudge challenges the discretionary aspects of his sentence. Mudge argues the sentencing court failed to consider

---

[9] New Beginnings is a three-quarter sober living facility in Allegheny County that provides a stable living environment for those with substance abuse disorders. JRS works with the Allegheny County Jail, courts, behavioral health and other community service providers to assist persons with mental illness and/or concomitant mental illness and substance use disorders who encounter the criminal justice system.

mitigating factors, including his substance abuse disorders, rehabilitation, employment history, and mental health and sex offender treatment.

Before we may reach the merits of Mudge's appeal, we must first determine if his claim invokes this Court's jurisdiction. Challenges to the discretionary aspect of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). An appellant must comply with the following four-part test:

> (1) whether appellant has timely filed notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider or modify sentence, *see* Pa.R.Crim.P. 720; (3) whether apellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*. Presently, Mudge has filed a timely notice of appeal and preserved his issue in a post-sentence motion. Further, Mudge's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Rule 2119(f).

Finally, we must determine whether Mudge has presented a substantial question. We conclude that he has not. In his Rule 2119(f) statement, Mudge claims the sentence raises a substantial question because "by focusing solely on the sex offense program, the [c]ourt violated fundamental norms of the sentencing process and ignored mitigating factors." Brief of Appellant, at 11. This Court has consistently held "a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise

a substantial question." ***Commonwealth v. Berry***, 785 A.2d 994, 996-97 (Pa. Super. 2001). Likewise, this Court has held on numerous occasions that a "claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013). Accordingly, Mudge's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/2019