J-S32040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAKIEM FOAT | : | |
| | : | |
| Appellant | : | No. 350 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 28, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000746-2021

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: OCTOBER 24, 2025**

Appellant, Takiem Foat, appeals from the judgment of sentence entered in the Court of Common Pleas of Schuylkill County February 28, 2025. We affirm.

The relevant facts and procedural history, as summarized by the trial court, are as follows:

> Defendant had originally been sentenced on January 31, 2022 to, inter alia, 18 months to 36 months incarceration followed by 2 years' probation on a charge of possession with intent to deliver a controlled substance. He was admitted to the State Drug Treatment Program, completed the program on March 9, 2024, and, his term of incarceration, accordingly, was considered satisfied. Defendant was then required to begin serving his consecutive term of probation, supervised by the Schuylkill County Adult Probation/Parole Department.

---

[*] Former Justice specially assigned to the Superior Court.

Defendant was charged with new crimes of aggravated assault, escape, resisting arrest, disorderly conduct and two Vehicle Code violations, alleged to have been committed on March 17, 2024, by the Shenandoah Police Department. The Commonwealth filed a motion to revoke probation on April 8, 2024. Subsequently, the aggravated assault and escape charges were withdrawn and the balance of the charges were held for court. A hearing on the revocation motion was held on April 25, 2024. Defendant was found to have violated his supervision, his probation was revoked, a pre-sentence investigation was ordered to be performed, and a sentencing hearing was scheduled.

Following a hearing on May 21, 2024, Defendant was resentenced to serve a term of 2 years' probation. He was also ordered to obtain mental health, drug/alcohol, and anger management evaluations, and comply with recommended treatment. He was further directed to refrain from engaging in criminal activity and assaultive behavior. Defendant was released from Schuylkill County Prison that day.

Defendant was arrested in New York State for crimes allegedly committed on June 19, 2024. The Commonwealth filed a motion to revoke probation on January 14, 2025. Defendant plead guilty and was sentenced on January 21, 2025 in New York for the June 19, 2024 incident. Defendant entered a stipulation before this court on January 24, 2025, acknowledging that he had violated the terms of his probation by committing the offense of menacing in the second degree and being convicted of the crime in New York State. Again, the court revoked his probation, directed that a presentence investigation be performed, and scheduled another sentencing hearing.

At the next hearing, the court reviewed the pre-sentence investigation report with the parties, who agreed that the standard minimum range for resentencing was 18 months to 24 moms, and heard testimony from the Commonwealth's probation officer witness, Defendant's mother, and Defendant. After considering the history of the case, the pre-sentence investigation report information, and the testimony of the witnesses, the court imposed a sentence of 2 years to 5 years' incarceration, with recommendations for mental health, anger management and drug/alcohol evaluations and any resulting proposed treatment. The court found that Defendant was twice released from incarceration—via the state or county system—and within very

short periods of time engaged in criminal activity. Defendant also did not comply with the directives of the sentencing order of May 21, 2024 to obtain evaluations. Most importantly, it was evident that neither county probation supervision nor a lesser term of imprisonment would serve as an adequate means to protect the public, preclude the likelihood of Defendant's committing future offenses, and vindicate the court's authority. The sentence imposed was within the suggested and agreed-upon revocation state guidelines.

Tr. Ct. Op. at 1-3.

Appellant filed a post-sentence motion to modify sentence on March 6, 2025. The trial court denied the motion by order entered March 10, 2025. Appellant filed a timely notice of appeal on March 14, 2025. Appellant complied with Pa.R.A.P. 1925(b) and filed a concise statement on March 25, 2025. This appeal followed.

Appellant raises the following issue for our review: "Did the trial court err when the court sentenced appellate to an unreasonably punitive sentence given the evidence?" Appellant's Br. at 6. Appellant's challenge is to the discretionary aspects of sentencing. As we have observed, "[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right." *Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa. Super. 2016) (citation omitted). Instead, to invoke our jurisdiction involving a challenge to the discretionary aspects of a sentence, an appellant must satisfy the following four-part test:

(1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect,

- 3 -

Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*.

Here, Appellant filed a timely appeal and preserved its contentions in a post-sentence motion which was denied on March 10, 2025. He presented a Pa.R.A.P. 2119(f) statement in his brief. *See* Appellant's Br. at 13. However, he failed to raise a substantial question.

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa. Super. 2012). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). "A substantial question exists 'only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.'" *Id*. "[O]rdinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." *Commonwealth v. Berry*, 785 A.2d 994, 996-97 (Pa. Super. 2001) (internal citation omitted) (emphasis in original).

Here, Appellant baldly claims that his sentence is "inconsistent with the protection of the public, gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Appellant's Br. at 15 (quoting 42 Pa.C.S.A. § 9721). Appellant states,

> The Superior Court of Pennsylvania has held that, with regard to sentencing for a subsequent unrelated conviction, "although the trial court considered all of the relevant factors set forth in the sentencing code and accorded reasonable weight to each, the sentence for the violation was not 'consistent with' those factors." **Commonwealth v. Williams**, 69 A.3d 735, (Pa. Super. 2013).

Appellant's Br. at 15-16.

Appellant states his belief that the court did not reasonably apply the factors of section 9721(b) to his sentence, but fails to identify the specific factor or factors the court failed to properly apply. Relying on **Williams, supra**, Appellant asks this court to examine the factors of section 9721(b) to find that they were not rationally applied to his case. Appellant's Br. at 17. However, this Court will not look beyond the Rule 2119(f) statement in determining whether an appellant has presented a substantial question. **See Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018).

Appellant's Rule 2119(f) statement and argument section of his brief, presented together, contain a total of nine paragraphs, eight of which contain boilerplate statutory language and quotations pasted from caselaw. **See** Appellant's Br. at 13-17. This is inadequate to raise a substantial question. **See Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000),

*quoting Commonwealth v. Martin*, 727 A.2d 1136, 1143 (Pa. Super. 1999) (when a Rule 2119(f) statement "contains incantations of statutory provisions and pronouncements of conclusions of law" it is inadequate).

Appellant's only paragraph with a substantive discussion relevant to his own case does not advance a colorable argument that the trial court's actions were contrary to fundamental sentencing norms. Therein he asserts the following:

> The Appellant testified credibly that he was present at the home of the Mother of his child only after learning that his child had been taken into the custody of child services. Appellant testified regarding his emotional state and related how he "punched the window out of frustration", thereby indicating that the Appellant lacked the intent to put the victim in fear of bodily harm. Appellant's testimony indicates the low likelihood that the behavior would be repeated in the future.

Appellant's Br. at 16-17. To the extent Appellant's argument is that his sentence is unnecessary for the protection of the public because his testimony credibly showed that he is unlikely to repeat criminal behavior, it does not raise a substantial question. If Appellant has a disagreement with the weight the court placed on his credibility in crafting his sentence, we may not disturb those findings. *See Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011). Accordingly, because Appellant failed to raise a substantial question to permit a grant of allowance of appeal for our review of the discretionary aspects of his sentence, we deny his application for allowance of appeal.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/24/2025