J-A24027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BRANDON J. WESTAWSKI | : | |
| Appellant | : | No. 426 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 10, 2025
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000247-2024

BEFORE:  DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: OCTOBER 29, 2025**

Appellant Bryon Westawski appeals from the judgment of sentence imposed after he entered an open guilty plea to one count of Terroristic Threats.  He challenges the discretionary aspects of his sentence.  After careful review, we affirm.

We glean the relevant factual and procedural history from the trial court's opinion and the certified record.  On October 19, 2023, Appellant and Brennen McIntyre got into a loud argument during which Appellant, who was sitting in his pickup truck, pointed a handgun at Mr. McIntyre who was standing outside the vehicle with a group of friends.  When Scranton police officers arrived, Appellant denied having a gun and withheld consent to allow officers to search his vehicle.  An eyewitness informed the police patrolman that he had seen Appellant point a gun at Mr. McIntyre.  Police officers obtained a search warrant for the vehicle and found a loaded handgun in the

car. The Scranton Police Department filed a Criminal Complaint charging Appellant with one count each of Terroristic Threats with Intent to Terrorize Another, Firearms Not to Be Carried Without a License, and Prohibited Offensive Weapons. Subsequently, however, the Commonwealth filed a criminal information including just one count of Firearms Not to Be Carried Without License.

On November 12, 2024, the Commonwealth successfully moved to amend the Information to add one count of Terroristic Threats as a first-degree misdemeanor (M1). That same day, Appellant pled guilty to the Terroristic Threats[1] offense and the Commonwealth *nolle prossed* the firearms offense. Appellant's written plea colloquy indicates, *inter alia*, his understanding that the maximum penalty of incarceration the court could impose is 5 years' incarceration. Guilty Plea Colloquy, 11/12/24, at ¶ 15. The court deferred sentencing and ordered a pre-sentence investigation (PSI).

On February 10, 2025, after acknowledging its review of the PSI report and considering Appellant's counsel's argument for "a probationary sentence . . . [i]f not, a restrictive probationary sentence," the court imposed a sentence of "four years of restrictive probation," with "the first 30 days to be served in county jail and the next 90 days to be served on house arrest."

---

[1] 18 Pa.C.S. § 2706(a)(1) ("A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to: (1) commit any crime of violence with intent to terrorize another[.]").

N.T. Sent'g, 2/10/25, at 4.[2]  In imposing its sentence, the court specifically noted that two eyewitnesses reported Appellant's pointing a gun at the victim and found Appellant's statement provided during the pre-sentence investigation, "that he didn't point a firearm at anybody and denied knowing it was even in his truck," not credible.  *Id*. at 3.

Appellant filed a timely post-sentence motion seeking modification of his sentence, attaching letters from his employer, customers, and friends that he did not present at the sentencing hearing.  The court denied the motion.

Appellant timely appealed and provides the following Statement of Questions Involved:

1. Did the lower court err and abuse its discretion by failing to consider or give appropriate weight to the circumstances of the offense, the Appellant's background, mitigating circumstances, and/or refusing to reduce the aggregate sentence imposed of 30 days incarceration in the Lackawanna County Correctional Facility, house arrest, and five (5) years' probation?[3]

2. Did the lower court err and abuse its discretion by failing to consider the sentencing code as a whole in its deviation from

---

[2] *See Commonwealth v. Johnson*, 67 A.2d 1001, 1004 n.3 (Pa. Super. 2009) (observing that a court may impose a split sentence, which includes a period of incarceration as well as a period of probation); 42 Pa.C.S. 9721(a) (permitting courts to impose probation and incarceration 'consecutively or concurrently.'").

[3]  At oral argument, Appellant's counsel acknowledged that the text of this first issue incorrectly recited the details of the sentence that was imposed and that the court imposed a sentence below the statutory maximum. We, thus, address Appellant's claim as a challenge to the discretionary aspect of his sentence.

the sentencing guidelines and its imposition of a statutory maximum probationary sentence?

Appellant's Br. at 4.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted).

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id*. (citations omitted).

When a court has the benefit of a PSI report, we presume that the sentencing judge "was aware of relevant information regarding the defendant's character and weighed those considerations along with statutory mitigating factors." *Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005). In addition, the sentencing guidelines are advisory and provide recommendations, rather than requirements, for a particular sentence. *Commonwealth v. Perry*, 32 A.3d 232, 240 (Pa. 2011).

Here, Appellant's offense gravity score was 3 and his prior record score was zero. The guidelines recommend a standard minimum range sentence of RS-1 to one month of incarceration and an aggravated range of 4 months' incarceration. The maximum sentence of incarceration that may be imposed

for a conviction of a first-degree misdemeanor is 5 years. 18 Pa.C.S. § 1104(1).

Appellant challenges the discretionary aspect of his sentence. Appellant's Br. at 7-8. An appellant is not entitled to appellate review of this challenge as of right. *Commonwealth v. Roberts*, 133 A.3d 759, 774 (Pa. Super. 2016). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by (1) preserving the issue at sentencing or in a post-sentence motion; (2) filing a timely notice of appeal; (3) including a Pa.R.A.P. 2119(f) statement within his appellate brief; and (4) raising a substantial question for our review. *Commonwealth v. Tejada*, 107 A.3d 788, 797-98 (Pa. Super. 2015).

Our review confirms that Appellant preserved his sentencing issue in a post-sentence motion, filed a timely appeal, and included a Rule 2119(f) statement in his appellate brief.

With respect to whether Appellant has presented a substantial question for our review, we are mindful that "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021) (citation omitted).

Appellant contends, without citation to the notes of testimony, that the court "deviat[ed] from the sentencing guidelines" without adequate explanation and did not adequately consider the mitigating circumstances provided in the letters he presented to the court in support of his post-sentence motion. Appellant's Br. at 11-12.

As noted above, the court did not deviate from the sentencing guidelines. In addition, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)); *see also Commonwealth v. Moury*, 992 A.2d 162, 175 (Pa. Super. 2010) ("[T]he court['s] refus[al] to weigh the proposed mitigating factors as [a]ppellant wished, absent more, does not raise a substantial question."); *Commonwealth v. Berry*, 785 A.2d 994, 996 (Pa. Super. 2001) (explaining that an allegation that the sentencing court failed to consider certain sentencing factors generally does not raise a substantial question). "Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. Finally, a "combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable." *Id*.; *see also Commonwealth v. Cruz–Centeno,* 668 A.2d 536, 546 (Pa. Super. 1995).

Appellant's argument that the court should have weighed the letters he provided as part of his post-sentence motion as evidence supporting a reduction in the sentence imposed does not raise a substantial question. *See Moury*, 992 A.3d at 175.

Having concluded Appellant has not raised a substantial question, we find that he has failed to invoke our jurisdiction to address the merits of his challenge to the discretionary aspects of his sentence. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2025