J-S16035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LLOYD CHARLES STEVENS, | |
| Appellant | No. 1208 WDA 2016 |

Appeal from the Judgment of Sentence July 14, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0017063-2014

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 31, 2017**

Appellant, Lloyd Charles Stevens, appeals from the judgment of sentence imposed on July 14, 2016, following revocation of his probation. Specifically, he challenges the discretionary aspects of his sentence.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's November 9, 2016 opinion.

> [Appellant] was charged with burglary, terroristic threats and criminal mischief[1] in relation to an incident which occurred at his ex-girlfriend's residence in Crawford Village.  He appeared before [the trial court] on July 6, 2015, and, pursuant to a plea agreement with the Commonwealth, [pleaded] guilty to one (1)

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 2706(a)(1), and 3304(a)(2), respectively.

count of criminal trespass[2] and was immediately sentenced to a term of probation of one (1) year with the special condition of completion of the batterer's intervention program. No post-sentence motions were filed and no direct appeal was taken.

On July 14, 2016, [Appellant] appeared before [the trial court] for a probation violation hearing. At the conclusion of the hearing and upon finding that [Appellant] had been convicted of another offense while on probation, his probation was revoked and he was sentenced to a term of imprisonment of [not less than eleven and one-half, nor more than twenty-three] months. Timely post-sentence motions were filed and were denied on August [15], 2016. This [timely] appeal followed.[3]

(Trial Court Opinion, 11/09/16, at 1-2) (unnecessary capitalization and some footnotes omitted).

Appellant raises one issue on appeal.

1. Did the [trial] court abuse its discretion in sentencing [Appellant] to a manifestly excessive and unreasonable sentence of [eleven and one-half] to [twenty-three] months [of] incarceration following probation revocation?

(Appellant's Brief, at 8) (most capitalization omitted).

Appellant's issue challenges the discretionary aspects of his sentence. This Court has concluded that a challenge to a discretionary sentencing matter after revocation proceedings is within the scope of its review. *See* ***Commonwealth v. Ferguson***, 893 A.2d 735, 737 (Pa. Super. 2006), *appeal denied*, 906 A.2d 1196 (Pa. 2006).

---

[2] 18 Pa.C.S.A. § 3503(a)(1).

[3] Appellant filed a concise statement of errors complained of on appeal on October 7, 2016. The trial court entered its opinion on November 9, 2016. *See* Pa.R.A.P. 1925.

Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because . . . [Appellant] must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)[, *appeal denied*, 77 A.3d 1258 (Pa. 2013)] (citations omitted); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.") [(citation omitted)].

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014),

*appeal denied*, 109 A.3d 678 (Pa. 2015).

Here, Appellant has properly preserved his issue by filing a post-sentence motion for reconsideration of sentence, which the trial court denied, and a timely appeal. Appellant's brief contains a Rule 2119(f) concise statement of reasons. (*See* Appellant's Brief, at 9-10). In it, Appellant argues "the sentencing court failed to take into account that he

accepted responsibility for his actions, he has rehabilitative needs and he has health issues." (***Id.*** at 10). "[A] claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor does not raise a substantial question." ***Commonwealth v. Berry***, 785 A.2d 994, 996 (Pa. Super. 2001) (citation omitted). However, Appellant later argues that the sentence imposed after revocation of his probation is higher than the aggravated range for his original offense and is manifestly excessive. (***See*** Appellant's Brief, at 17). Although not specifically contained within the 2119(f) statement, we find that Appellant is not only arguing that the court failed to consider certain factors, but also that such failure resulted in a manifestly excessive sentence, which is above the aggravated guideline range. ***See Commonwealth v. Anderson***, 830 A.2d 1013, 1017–18 (Pa. Super. 2003) (considering sentencing challenges although not contained within Rule 2119(f) statement). "A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question." ***Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted). Thus, Appellant has presented a substantial question and we will proceed to the merits of his claim.

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled: "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence

of an error of law or an abuse of discretion." *Colon*, *supra* at 1041 (citation omitted).

In his issue, Appellant claims that his sentence was manifestly excessive. (*See* Appellant's Brief, at 14-17). Specifically, he claims that the court did not consider his rehabilitative needs, health, or acceptance of responsibility when sentencing him, thus resulting in imposition of an unreasonable sentence. (*See id.*). We disagree.

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." *Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted). . . .

*Colon*, *supra* at 1044. "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010) (citation omitted). We observe that "our sentencing guidelines are not required to be consulted" when sentencing upon revocation. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040 (Pa. Super. 2013) (citing 204 Pa. Code. § 303.1(b)).

Here, a review of the probation violation hearing and sentencing transcript reflects that the trial court engaged in a discussion of the facts

and history of Appellant's case. The Commonwealth established that Appellant pleaded guilty to criminal trespass (his original conviction), and admitted that he approached the victim (previously his paramour) at her home, started a verbal altercation, and then entered her home without permission. (*See* N.T. Plea and Sentencing Hearing, 7/06/15, at 4). The record reveals that Appellant violated his probation when he was convicted of a new charge. (*See* N.T. Probation Violation Hearing, 7/14/16, at 3). The trial court heard testimony from the probation officer who explained that Appellant's supervision had been poor, that he had never attended batterers intervention classes (a requirement of his probation), and that he failed to appear for a domestic violence review hearing. (*See id.* at 2-3; N.T. Plea and Sentencing Hearing, at 5).

Moreover, we note that the maximum sentence that the court could have imposed at Appellant's initial sentencing was seven years' incarceration. (*See* N.T. Plea and Sentencing Hearing, at 3). Therefore, the sentence, imposed upon revocation, of not less than eleven and one-half nor more than twenty-three months of incarceration, is well within the maximum sentence that could have been imposed. *See* 42 Pa.C.S.A. § 9771(b); *Colon*, *supra* at 1044.

Thus, we conclude that the record reflects the court's reasons for Appellant's sentence and its consideration of the circumstances of the offense, Appellant's background, and his character. *See Crump*, *supra* at 1283. The record also reflects that the sentence imposed was within the

maximum sentence that could have been imposed originally. ***See Colon***, ***supra*** at 1044. Accordingly, the court did not err or abuse its discretion in this regard. ***See id.*** at 1041. Appellant's issue lacks merit.

Judgment of sentence affirmed.

Judge Ransom joins the Memorandum.

Judge Moulton concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2017