J-S41033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LANCE EVERETT CHECCHIA | : | |
| | : | |
| Appellant | : | No. 110 MDA 2017 |

Appeal from the Judgment of Sentence December 19, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0003356-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LANCE EVERETT CHECCHIA | : | |
| | : | |
| Appellant | : | No. 111 MDA 2017 |

Appeal from the Judgment of Sentence December 19, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000409-2016

BEFORE:    GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED AUGUST 02, 2017**

Appellant, Lance Everett Checchia, appeals from the judgments of sentence entered in the Berks County Court of Common Pleas, following the revocation of his probation.  We affirm.

The relevant facts and procedural history of this case are as follows.

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant entered a negotiated guilty plea on September 24, 2009, to robbery at docket no. 3356-2009. The court immediately sentenced Appellant to a term of one (1) to three (3) years' imprisonment, followed by a consecutive term of four (4) years' probation. On January 9, 2016, police arrested Appellant and charged him with, *inter alia*, tampering with physical evidence and possession of drug paraphernalia at docket no. 0409-2016. Appellant entered a negotiated guilty plea on April 4, 2016, to tampering with physical evidence and possession of drug paraphernalia. That same date, the court sentenced Appellant to concurrent one (1) year terms of probation on both offenses, to be served consecutive to Appellant's probation at docket no. 3356-2009.

Appellant signed written instructions on October 18, 2016, which detailed the terms and conditions of his probation. From October 19, 2016, to October 26, 2016, Appellant committed several technical violations of his probation. Specifically, Appellant was not home on October 19, 2016, at 8:35 a.m. for the initial home visit. Later that evening, Appellant's probation officer conducted a curfew check at 10:30 p.m., and Appellant was not home. On October 25, 2016, Appellant failed to report to his probation officer as instructed. The next day, Appellant's probation officer conducted a curfew check at 9:10 p.m., and Appellant was not home. Appellant's mother informed the probation officer that Appellant had moved out of the home on October 23, 2016, which was in direct violation of his probation. The

probation officer searched the home and did not find any of Appellant's belongings. As a result, the Pennsylvania Board of Probation and Parole ("Board") charged Appellant with changing his residence without the written permission of parole supervision staff and failing to maintain regular contact with parole supervision staff. The court held a **Gagnon II**[1] hearing on December 19, 2016. At the hearing, Appellant entered an open guilty plea to violating the terms of his probation. The court revoked Appellant's probation at docket nos. 3356-2009 and 0409-2016, and immediately sentenced Appellant to an aggregate term of two (2) to four (4) years' imprisonment. Appellant filed post-sentence motions on December 23, 2016, which the court denied. On January 12, 2017, Appellant timely filed notices of appeal. The court ordered Appellant on January 19, 2017, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) at docket no. 0409-2016, and ordered Appellant on January 24, 2017, to file a concise statement at docket no. 3356-2009. Appellant timely complied on January 26, 2017.

Appellant raises three issues for our review:

> WHETHER APPELLANT'S SENTENCE OF TWO TO FOUR YEARS TO BE SERVED CONCURRENTLY WITH TERMS OF ONE TO TWO YEARS AND SIX TO TWELVE MONTHS IN A STATE CORRECTIONAL INSTITUTION WAS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE, AND CONTRARY

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

TO THE FUNDAMENTAL NORMS UNDERLYING THE SENTENCING CODE, GIVEN THE TECHNICAL NATURE OF THE VIOLATIONS AS WELL AS…APPELLANT'S MENTAL HEALTH AND REHABILITATIVE NEEDS?

WHETHER APPELLANT'S SENTENCE OF TWO TO FOUR YEARS TO BE SERVED CONCURRENTLY WITH TERMS OF ONE TO TWO YEARS AND SIX TO TWELVE MONTHS IN A STATE CORRECTIONAL INSTITUTION WAS MANIFESTLY EXCESSIVE, CLEARLY UNREASONABLE, AND CONTRARY TO THE FUNDAMENTAL NORMS UNDERLYING THE SENTENCING CODE, WHERE THE COURT IMPOSED A SENTENCE BASED ON THE SENTENCING RECOMMENDATION FOR STABILIZING THE MENTAL HEALTH NEEDS OF APPELLANT MADE BY OFFICERS FROM THE PENNSYLVANIA BOARD OF PROBATION AND PAROLE AND THE BERKS COUNTY ADULT PROBATION AND PAROLE OFFICE WITHOUT ADDRESSING A PROSPECTIVE TIMELINE FOR THIS TREATMENT?

WHETHER THE SENTENCING COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S POST SENTENCE MOTION FOR MODIFICATION OF SENTENCE, WHERE SUCH DENIAL WAS CONTRARY TO THE GENERAL PRINCIPLES UNDERLYING THE SENTENCING CODE, IN THAT THE PROTECTION OF THE PUBLIC, THE GRAVITY OF THE OFFENSE AS IT RELATES TO THE IMPACT ON THE LIFE OF THE VICTIM AND THE COMMUNITY, AND APPELLANT'S INDIVIDUAL REHABILITATIVE NEEDS WERE NOT CONSIDERED?

(Appellant's Brief at 6).

For purposes of disposition, we combine Appellant's issues. Appellant argues the court did not appropriately consider the statutory factors under 42 Pa.C.S.A. § 9721(b) when it sentenced Appellant. Appellant avers the court's consideration of Appellant's technical violations of probation and the Board's recommendation of incarceration, without offering a true timeline or plan for mental health treatment, failed to recognize Appellant's individual

- 4 -

rehabilitative needs. As a result, the court imposed an unreasonable and excessive sentence that violated the fundamental norms underlying the Sentencing Code. Appellant claims he admitted he needed treatment and had been taking steps to address his mental health issues. Appellant asserts the Board's push for incarceration placed more emphasis on containment than on treatment. Appellant further alleges the court did not properly consider the protection of the public and the gravity of the offense as it relates to the community. Appellant points out his technical violations did not involve any threats, harm, or violence to the community, or any illegal, destructive, or unstable behavior that gave rise for concern.

Next, Appellant argues his sentence of total confinement was improper under 42 Pa.C.S.A. § 9771(c). In support of his argument, Appellant avers he did not commit a new crime, his behavior at the time his probation was revoked did not indicate that he was likely to commit another crime if he were not imprisoned, and the sentence was not essential to vindicate the court's authority. Appellant claims his purely technical violations occurred over the course of only a few days, and were not so excessive that a period of imprisonment was essential to vindicate the court's authority, even when considering these violations collectively. Appellant maintains he has not repeatedly violated the terms of his probation over an extended period and did not have the benefit of mental health treatment court or an appropriate treatment facility. For these reasons, Appellant asserts his sentence was

excessive, unreasonable, and did not merit total confinement under Section 9771(c).

In a related argument, Appellant argues the court had the option of committing Appellant to a treatment facility for rehabilitation instead of prison. Appellant claims the Board's contention that incarceration was necessary to address Appellant's rehabilitative needs was nonsensical in light of 50 P.S. § 4410 of the Mental Health Act. Appellant asserts the court had multiple opportunities to compel Appellant to seek treatment, which would have satisfied both the court's authority and addressed Appellant's mental health problems. Appellant maintains the court ignored the various sentencing alternatives available. Appellant contends prison is incapable of addressing his treatment needs at the same level as a mental health facility. Appellant also suggests his commitment to prison for the explicit purpose of receiving mental health treatment was tantamount to an involuntary commitment. For these reasons, Appellant concludes his sentence was an abuse of discretion and we should vacate and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Cartrette*, 83 A.3d 1031 (Pa.Super. 2013) (*en banc*) (explaining claim sentencing court failed to consider Section 9721(b) factors pertains to discretionary sentencing matters); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing);

*Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors implicates discretionary aspects of sentencing).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Cartrette, supra* at 1033-34 (explaining appellate review of revocation sentence includes discretionary sentencing challenges). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra,* 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans,* 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at

that hearing.  *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).  "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." *Commonwealth v. McAfee*, 849 A.2d 270, 275, (Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code.  *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f).  "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." *Commonwealth v. Phillips,* 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009).

A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 913.  A claim of excessiveness can raise a substantial question as

to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. *See, e.g., Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006) (stating defendant raised substantial question with respect to claim that revocation sentence was excessive in light of underlying technical probation violations). An allegation that the sentencing court failed to consider a specific mitigating factor, however, generally does not raise a substantial question. *Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (holding claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321 (Pa.Super. 2006). Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. *See* 42 Pa.C.S.A. § 9771(c). The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. *Commonwealth v. Ferguson*, 893 A.2d 735 (Pa.Super. 2006), *appeal denied*, 588 Pa. 788, 906 A.2d 1196

(2006). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa.Super. 2001).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence…." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Id.***

Instantly, Appellant raised the following issues in his post-sentence motion:

> 9. With regard to the sentences imposed[, …Appellant] avers that this Court sentenced [Appellant] to a greater period of confinement than that which was consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of [Appellant].

- 10 -

10. [Appellant] avers that a sentence of probation would have been consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of [Appellant].

**Wherefore**, [Appellant] requests that this Honorable Court hold a hearing to determine a sentence that would be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of [Appellant].

(Appellant's Post-Sentence Motion, filed December 23, 2016, at 2-3). Appellant's claims on appeal are far more detailed, particularly as they pertain to his mental health/rehabilitative needs and the court's sentencing alternatives.[2] To the extent his remaining claims on appeal are reasonably deducible from his post-sentence motions, we decline to waive them.

Moreover, in its opinion, the trial court set forth its reasons for the sentence imposed. (*See* Trial Court Opinion, filed January 31, 2017, at 2-5) (finding: court recognized Appellant's serious need for mental health treatment; Appellant previously failed to acquire treatment on his own volition; incarceration was necessary to ensure Appellant actually received treatment; court was not required to consider timeline for Appellant's

---

[2] Appellant's arguments for a "timeline" for mental health treatment, his preference for a mental health facility over prison, the purely technical nature of his probation violations in a short time, and against the need for a sentence to vindicate the authority of the court are waived for purposes of this appeal, even if the trial court addressed them in its Rule 1925(a) opinion. *See McAfee, supra*; *Mann, supra*.

treatment; additionally, period of incarceration was necessary to vindicate court's authority; Appellant's violations, in aggregate, affronted court's authority; specifically, Appellant had not responded to progressive sanctioning, failed to develop home plan, and appeared before probation officer only once to address Appellant's mental health issues; Appellant failed to comply with evaluation to diagnose his mental health issues, as well as numerous other technical violations; period of incarceration was warranted as Appellant's actions were affront to court's authority; court considered all relevant sentencing principles and found Appellant's rehabilitative needs were significant; incarceration was necessary in light of Appellant's serious mental health issues for safety of Appellant and community; court also considered Appellant's original offenses of robbery, tampering with physical evidence, and possession of drug paraphernalia; Appellant's prior offenses and evidence of his serious mental health and rehabilitative needs outweighed mitigating circumstances and justified period of incarceration imposed). The record supports the court's rationale. Therefore, Appellant's challenges to the discretionary aspects of his sentences merit no relief. Accordingly, we affirm.

Judgments of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2017

COMMONWEALTH OF PENNSYLVANIA   : IN THE COURT OF COMMON PLEAS

                                           : OF BERKS COUNTY, PENNSYLVANIA

              V.                       : CRIMINAL DIVISION

                                           : NO. CP-06-CR-0003356-2009

LANCE EVERETT CHECCHIA,            :

            DEFENDANT   : PAUL M. YATRON, JUDGE

Pamela L. VanFossen, Esq.,Attorney for the Commonwealth
Rachel Silver, Esq., Attorney for the Appellant on Appeal
Sean Fitzgerald, Esq., Attorney for the Appellant at Plea

---

**1925(a) Opinion**                                              **January 31, 2017**

---

On December 19, 2016, Lance Everett Checchia ("Appellant") at a Gagnon II hearing entered an open plea to violating the terms of his special probation. At docket 3356-2009, the Court sentenced Appellant to a term of incarceration of not less than two (2) nor more than four (4) years at the Bureau of Corrections. Additionally, at docket 409-2016, Appellant was sentenced to a term of incarceration of not less than six (6) months nor more than twelve (12) months. This sentence runs concurrently with that at docket 3356-2009.

Following sentencing, by and through counsel, Appellant filed a post-sentence motion to reconsider and modify sentence, on December 23, 2016. We denied this motion on December 27, 2016. On January 10, 2017, Appellant, now represented by the public defender, filed a notice of appeal. Appellant filed a timely concise statement on January 26, 2017. Appellant raises the following matters for appellate review:

1. The Court erred and abused its discretion in sentencing Appellant to a term of incarceration of 2 to 4 years to be served concurrently with terms of 1 to 2 years and 6 to 12 months incarceration, which are manifestly excessive given the circumstances of the case, including the technical nature of the probation violations involved in the resentencing hearing as well as the Appellant's mental health and rehabilitative needs.

    a. The Court abused its discretion by accepting the sentencing recommendation for stabilizing the mental health needs of Appellant made by officers from the Pennsylvania Board of Probation and Parole and the Berks County Adult Probation and Parole Office without a addressing prospective timeline for this treatment

    b. Because of the technical nature of the statutes, based on Title 42 of the Pennsylvania Consolidated Statutes which prohibits the Court from imposing a sentence of total confinement upon revocation of an order of probation unless it finds that the defendant has been convicted of another crime, the conduct of the



defendant indicates that it is likely that he will commit another crime if he is not imprisoned or such a sentence is essential to vindicate the authority of the court, the Court abused its discretion

2. The Court erred and abused its discretion in denying Appellant's Post Sentence Motion for Modification of Sentence, where such denial was contrary to the general principles underlying the sentencing Code, in that the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the Appellant's individual rehabilitative needs were not considered.

CONCISE STATEMENT, January 26, 2017.

## I.     General Standard for error and abuse of discretion.

In all Appellant's claims, he alleges that the Court erred or abused its discretion. As for error, when relevant the Court has explained why we did not err. In reference to abuse of discretion, we reference the following standard.

When reviewing an abuse of discretion claim after the revocation of probation:

the [Appellate Court's] review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S. § 9771(b). *See also Commonwealth v. Gheen*, 688 A.2d 1206, 1207 (Pa.Super. 1997) (the scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings and the legality of the judgment of sentence). Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Id.* at 1207–1208. *Accord Commonwealth v. Ware*, 737 A.2d 251, 254 (Pa.Super.1999).

*Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa.Super. 2006) (citing *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa.Super. 2000)).

Additionally:

It is also well settled that the revocation of a probationary sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion. *MacGregor*, 912 A.2d at 317. "[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa.2007) (internal quotation marks omitted).

*Commonwealth v. Vennero*, No. 1446 WDA 2013, 2015 WL 6941131, at *2 (Pa. Super. Ct. July 13, 2015).

## II. The sentence was not manifestly excessive because the Court considered was not required to consider the prospective timeline for treatment.

Appellant alleges that his sentence was manifestly excessive because the Court did not appropriately consider Appellant's timeline for mental health treatment. We know of no precedent that would require us to consider the timeline for treatment.

However, we did consider Appellant's clear and present need for treatment. Appellant informed the Court of an expansive list of mental health issues. He stated that he suffers from, "schizophrenia, paranoia, bipolar, post-traumatic stress disorder, [and] insomnia." GAGNON II HEARING, December 19, 2016, at 6 [hereinafter GAGII]. Though the Court is not an expert in metal health, we recognize that Appellant is in need of significant treatment.

The Court, recognizing Appellant's need for treatment, also needed to ensure that Appellant actually receives necessary treatment. GAGII at 8. Previously, when Appellant had been left to his own devices, Appellant had failed to acquire the treatment he desperately needs. GAGII at 5-6. Therefore, the Court found a period of incarceration necessary to ensure that he receive treatment.

## III. The Court was justified sentencing Appellant to a period of incarceration to vindicate the authority of the court.

Appellant alleges that his sentence was manifestly excessive because the Court did not find that "the defendant has been convicted of another crime, the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned or such a sentence is essential to vindicate the authority of the court." While we recognize this restriction of sentencing, found in section 42 Pa.C.S.A. § 9771(c), we find that incarcerating Appellant was necessary to vindicate the authority of the court.

The Court is permitted to vindicate its authority when in aggregate the violations affront the authority of the Court. 42 Pa.C.S.A. § 9771(c). In *Commonwealth v. Bigio*, the appellant violated the terms of his parole by failing to comply with treatment at a facility. *Commonwealth v. Bigio*, No. 3548 EDA 2013, 2015 WL 7575605, at *2 (Pa. Super. Ct. Feb. 5, 2015). The Superior Court, in an unpublished opinion, held that "Appellant's poor behavior resulted in numerous sanctions, and several of the incidents raised at his revocation hearing may have

constituted additional technical violations of his probation. In the aggregate, these sanctions affront the authority of the court." *Id.*

In the instant matter, Appellant's violations, in aggregate, affront the authority of the Court. First, considering the statements of the probation officer, Appellant has not responded to progressive sanctioning, failed to develop a home plan, and only came in once to address his serious mental health issues. GAGII at 5-6. Additionally, considering the statement of the Assistant District Attorney, Appellant has failed to comply with an evaluation to properly diagnose his mental health issues. GAGII at 7-8. Appellant's consistent failures to comply with probation closely track that of the appellant in *Bigio*. Like the appellant in *Bigio*, Appellant has failed to comply with mental health recommendations, as well as numerous other technical violations. Therefore, like the Appellant in *Bigio*, a period of incarceration was warranted as Appellant's actions are an affront the authority of the court. Sentencing Appellant to a period of incarceration was therefore not an abuse of discretion.

## IV. The Court adequately considered all necessary factors in sentencing.

Appellant alleges that the Court failed to adequately consider "the general principles underlying the sentencing Code, in that the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the Appellant's individual rehabilitative needs were not considered." However, "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa.Super. 2008). The Court has not abused its discretion; instead, the Court considered all relevant principles of sentencing and found that the rehabilitative needs of Appellant were significant.

More specifically, the Court pronounced its considerations during sentencing. We stated:

> I understand that. To say — given the conditions that the defendant has told us about is indulging somewhat an understatement to say that he has some issues here. He has a significant number of serious issues here. And I concur that you need treatment. The problem is that it doesn't appear that anyone can count on you getting that treatment, if you are out on the street as opposed to being in an institution. GAGII at 8.

First and foremost, we considered the extensive rehabilitative needs of Appellant. As we stated on the record, incarceration was necessary to ensure that Appellant would comply with treatment. GAGII at 8. The Court generally considers that the treatment of person's who suffer

from mental illness is paramount, both for the defendant's own safety and that of the community. Second, we reviewed the original offenses. GAGII at 3. Defendant had been convicted of Robbery in reference to the 2009 docket and, in the 2016 docket, Appellant was convicted of Tampering with Physical Evidence and Possession of Drug Paraphernalia. Considering the prior offense and evidence of serious mental health issues, the Court was within its discretion to consider that Appellant's mental health and rehabilitative needs outweighed any mitigating circumstances; thus, justifying the period of incarnation imposed.

## Conclusion

For all of the foregoing reasons, this Court respectfully requests that the instant appeal be **DENIED**.