J-A14010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GRIFFIN T. CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1810 EDA 2016 |

Appeal from the Judgment of Sentence January 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001793-2014

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED SEPTEMBER 05, 2018**

Appellant, Griffin T. Campbell, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for thirteen counts of recklessly endangering another person, six counts of involuntary manslaughter, and one count each of aggravated assault and causing a catastrophe.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issues for our review:

> DID THE DELIBERATE FAILURE OF THE DISTRICT ATTORNEY TO PRESERVE AND PREPARE A DETAILED INVENTORY OF ALL OF THE PERSONAL, BUSINESS, AND

_____

[1] 18 Pa.C.S.A. §§ 2705; 2504; 2702; and 3302, respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

RELATED MARKET STREET WEST DEMOLITION AND DEVELOPMENT DOCUMENTS OF THE IMMUNITY WITNESS—ARCHITECT PLATO MARINAKOS, AND PROVIDE THAT DETAILED LIST AND ALL NAMED RECORDS, AND E-DATA TO THE CRIMINAL DEFENSE COUNSEL FOR APPELLANT—CONSTITUTE A VIOLATION OF THE **BRADY**[2] RULE AND DENY APPELLANT MATERIAL EXCULPATORY EVIDENCE AND IMPEACHMENT EVIDENCE AGAINST THE KEY COMMONWEALTH WITNESS?

DID THE DENIAL OF THE TRIAL COURT TO PERMIT DEFENSE COUNSEL TO CALL WITNESSES UNDER SUBPOENA AND AVAILABLE TO TESTIFY DENY APPELLANT A FAIR AND IMPARTIAL TRIAL?

DID THE [TRIAL] COURT COMMIT REVERSIBLE ERROR BY ITS RESTRICTIONS ON APPELLANT'S EXPERT WITNESS TESTIMONY OF CLIFTON FORDHAM, REGISTERED ARCHITECT?

WAS THE 15 TO 30 YEAR STATE CORRECTIONAL SENTENCE IMPOSED BY THE [TRIAL] COURT EXCESSIVE, PUNITIVE, AND IN CONTRADICTION TO THE JURY VERDICT OF INVOLUNTARY MANSLAUGHTER A MISDEMEANOR OF THE FIRST DEGREE?

DID BOTH THE SECRET TACIT AGREEMENT BETWEEN RICHARD BASCIANO AND THOMAS SIMMONDS AND THE OFFICE OF THE DISTRICT ATTORNEY NOT TO TESTIFY UNTIL AFTER THE CRIMINAL CONVICTION OF APPELLANT AND THE SUBSEQUENT CRIMINAL INDICTMENT AND CONVICTION OF THE FORMER DISTRICT ATTORNEY, SETH WILLIAMS, DENY APPELLANT A FAIR TRIAL?

WAS THE SUPERVISION OF THE MARKET STREET COLLAPSE CRIMINAL GRAND JURY INVESTIGATION BY FRANK FINA, ESQ.—AN ACTIVE PARTICIPANT IN THE "PORNGATE SCANDAL"—A VIOLATION OF APPELLANT'S CONSTITUTIONAL DUE [PROCESS] RIGHTS TO A FAIR AND RACE NEUTRAL PROSECUTION?

---

[2] **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

(Appellant's Brief at 8-9).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Glenn B. Bronson, we conclude Appellant's first, second, third, fifth, and sixth issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of those issues. (**See** Trial Court Opinion, filed March 10, 2017, at 2-3; 10-17) (finding: (pp. 2-3) initially, Appellant's Rule 1925(b) statement consists of narrative of Appellant's complaints with several headings; format of concise statement does not comport with Pa.R.A.P. 1925(b)(4); to extent Appellant raises additional claims not addressed in court's opinion, those claims are waived for vagueness in concise statement; **(1)** (pp. 13-14) Appellant failed to identify in his post-sentence motions or concise statement those records of architect Plato Marinakos which Commonwealth allegedly failed to disclose and were favorable to Appellant; **Brady** does not obligate Commonwealth to secure evidence for Appellant but only to turn over exculpatory evidence in its possession; **(2)** (pp. 12-13) court did not categorically bar any witnesses who participated in investigations; rather, court set forth restrictions on introduction of hearsay evidence, absent applicable hearsay exception; Appellant could present evidence relevant only to criminal charges against him and his culpability, and results of investigations by properly qualified experts would be admitted only if they led to opinions relevant to Appellant's culpability; court excluded hearsay

testimony or evidence directed solely to culpability of people not on trial and irrelevant to charges against Appellant; court did not preclude Appellant from calling any witnesses on his list for whom he proffered relevant, admissible evidence; **(3)** (p. 15) record belies Appellant's claim; court ruled *in limine* that anything in Appellant's expert's report that pertained to architect Plato Marinakos' culpability was admissible and could be covered in full by Appellant's expert; court permitted defense to present freely any evidence of culpability of any witness testifying at trial because culpability of witness could arguably give rise to proper claim that witness was biased; because Commonwealth called Mr. Marinakos as witness, court did not bar Appellant's expert's opinion regarding Mr. Marinakos' culpability; **(5)** (pp. 16-17) Appellant offered no evidence to support his allegation of "tacit agreement"; at hearing to set briefing schedule for Appellant's post-sentence motions, both prosecuting attorneys in this case categorically denied any such agreement; defense counsel did not contend that prosecutors were being dishonest; instead, defense counsel relied solely upon fact that two witnesses asserted 5th Amendment right to remain silent at Appellant's trial but then testified in civil depositions after Appellant's trial; absent some offer of proof, Appellant failed to establish "act by government" caused loss of those witnesses' testimony at Appellant's trial; further, Appellant does not indicate how those witnesses would have provided material or favorable evidence to defense; **(6)** (pp. 10-12) Appellant failed to raise claim of selective prosecution in pre-trial

motion to dismiss, so this claim is waived; moreover, Appellant cannot show that anyone not prosecuted was similarly situated to Appellant; other Caucasian men involved in demolition project did not share Appellant's responsibilities as sole demolition contractor to supervise and direct day-to-day operations of demolition worksite; prosecutor's decision not to pursue charges against those individuals is not basis for valid selective prosecution claim; notwithstanding former ADA Fina's supervision of grand jury proceedings and involvement in exchange of racially offensive e-mails, Appellant does not dispute that former ADA Fina's role was limited to grand jury investigation or that former District Attorney Seth Williams made ultimate charging decisions in this case; Appellant has not alleged racial bias by Seth Williams; even if Appellant's averments of racial hostility regarding former ADA Fina were correct, they would not have supported Appellant's selective-prosecution claim or entitled him to relief). Therefore, as to Appellant's first, second, third, fifth, and sixth issues, we affirm on the basis of the trial court's opinion.

In his fourth issue, Appellant argues the sentence the court imposed is more consistent with one for a third-degree murder conviction than one for involuntary manslaughter. Appellant claims the court ignored his prior record score of one, which was not for a violent crime, and the jury's acquittal on the third-degree murder charges. Appellant insists the sentence of 15 to 30 years was excessive and a *de facto* life sentence, given Appellant's age and life

expectancy. Appellant contends the trial court should also reconsider its sentence in light of the verdict in Appellant's civil trial, which took place after Appellant's criminal trial and sentencing, demonstrating Appellant was the least culpable civil defendant.[3] As presented, Appellant's claim implicates the discretionary aspects of sentencing. *See Commonwealth v. Archer*, 722 A.2d 203 (Pa.Super. 1998) (*en banc*) (holding claim that court misapplied sentencing guidelines implicates discretionary aspects of sentencing); *Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (explaining allegation that court failed to consider specific mitigating factor implicates discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that court imposed excessive and unreasonable sentence without considering mitigating factors challenges sentencing court's discretion).

Challenges to the discretionary aspects of sentencing do not entitle an

---

[3] Within his sentencing issue, Appellant also appears to contest the sufficiency of the evidence to sustain his aggravated assault conviction, claiming the Commonwealth failed to prove that crime beyond a reasonable doubt and in light of the jury's acquittal on the third-degree murder charges. Nevertheless, Appellant cites no law regarding the relevant standard and scope of review of sufficiency claims, the elements for aggravated assault, or inconsistent verdicts. Therefore, this precise claim is waived. *See Commonwealth v. Knox*, 50 A.3d 732 (Pa.Super. 2012), *appeal denied*, 620 Pa. 721, 69 A.3d 601 (2013) (reiterating failure to cite to legal authority to support argument results in waiver of claim on appeal). Further, the trial court thoroughly explained its rationale for rejecting this claim in its opinion. (*See* Trial Court Opinion at 17-23).

appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Before we review a discretionary aspect of sentencing claim:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original) (internal quotation marks omitted). Failure of the defendant to include the requisite Rule 2119(f)

statement constitutes waiver of a challenge to the discretionary aspects of a sentence if the Commonwealth objects to omission of the statement. **Commonwealth v. Bruce**, 916 A.2d 657 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).

Instantly, Appellant failed to include the requisite Rule 2119(f) statement in his appellate brief, and the Commonwealth objected to this omission. Consequently, Appellant's challenge to the discretionary aspects of his sentence is waived.[4] **See** Pa.R.A.P. 2119(f); **Bruce, supra**. Accordingly, we affirm Appellant's other issues on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/18

---

[4] Further, the trial court thoroughly explained its sentencing rationale in its opinion. (**See** Trial Court Opinion at 23-25).