J-S63007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WARREN FITTS | : | |
| | : | |
| Appellant | : | No. 136 EDA 2018 |

Appeal from the Judgment of Sentence August 28, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0015121-2012

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY GANTMAN, P.J.E.:               **FILED JANUARY 13, 2020**

Appellant, Warren Fitts, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for rape of an unconscious victim, sexual assault, indecent exposure, indecent assault of an unconscious person, and simple assault.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  At approximately 2:00 a.m. on September 26, 2012, Witness was walking his dog near his apartment building when he noticed Appellant having sex with Victim on the street.  Victim appeared to be unconscious.  Witness alerted his

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(a)(3), 3124.1, 3127(a), 3126(a)(4), and 2701(a), respectively.

apartment security guard, who went outside to confront Appellant. After the guard ordered Appellant multiple times to stop, Appellant stood up, pulled up his pants, and started to walk away. The security guard yelled for a hotel concierge to call the police. The guard then pursued Appellant and restrained him until police arrived.

On April 21, 2017, the court convicted Appellant of the offenses. The court deferred sentencing for the completion of a presentence investigation ("PSI") report. After reviewing the PSI, the court sentenced Appellant on August 28, 2017, to an aggregate eight (8) to twenty (20) years' imprisonment. On August 30, 2017, Appellant filed a post-sentence motion, which was denied by operation of law on December 28, 2017. Appellant timely filed a notice of appeal on January 4, 2018. The court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed.

Appellant raises the following issue for our review:

> DID NOT THE [TRIAL] COURT ERR AND ABUSE ITS DISCRETION BY SENTENCING [APPELLANT] TO AN UNREASONABLE SENTENCE, WITHOUT GIVING ADEQUATE REASONS, ON THE BASIS OF CONSIDERATIONS, INCLUDING THE NATURE OF THE OFFENSE, HIS PRIOR CRIMINAL HISTORY AND THE DEADLY WEAPON ENHANCEMENT, THAT WERE ALREADY FACTORED INTO THE SENTENCING GUIDELINES AND DID NOT THE [TRIAL] COURT FURTHER ERR BY FAILING TO GIVE PROPER CONSIDERATION TO [APPELLANT'S] PERSONAL CIRCUMSTANCES AND MITIGATING FACTORS, AND AS A RESULT THE SENTENCE IS CONTRARY TO THE FUNDAMENTAL NORMS UNDERLYING THE SENTENCING PROCESS AND WAS MANIFESTLY UNREASONABLE AND

EXCESSIVE?

(Appellant's Brief at 3).

Appellant argues the sentencing court failed to consider either his rehabilitative needs or certain mitigating factors, such as his background, substance abuse, and mental health issues, when crafting his sentence. Rather, Appellant contends the court focused almost entirely on elements already taken into consideration by the sentencing guidelines, such as the nature of the offense, his prior arrests and convictions, and the deadly weapon enhancement. Due to the improper "double-counting" of these elements without considering the mitigating factors, Appellant maintains the sentencing court imposed a manifestly unreasonable and excessive sentence. Appellant concludes his sentence should be vacated and his case remanded for resentencing. As presented, Appellant's claims challenge the discretionary aspects of his sentence. *See Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003) (stating claim that court considered improper factors at sentencing refers to discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a timely filed post-sentence motion. *Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the

Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Anderson, supra* at 1018. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 913 (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627. Rather, a substantial question will be found "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates

either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." *Id.* Nevertheless, "[a]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate." *Cruz-Centeno, supra* at 545 (quoting *Commonwealth v. Urrutia*, 653 A.2d 706, 710 (Pa.Super. 1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). *See also Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001) (explaining allegation that sentencing court failed to consider specific mitigating factor generally does not raise substantial question; claim that sentencing court ignored appellant's rehabilitative needs failed to raise substantial question). Further, where the sentencing court had the benefit of a PSI, the law assumes the court was aware of and weighed relevant information regarding mitigating factors. *Commonwealth v. Tirado*, 870 A.2d 362 (Pa.Super. 2005).

Instantly, Appellant failed to raise his claim, concerning the court's improper double-counting of certain sentencing factors, either at the sentencing hearing or in his post-sentence motion. Consequently, this claim is waived. *See Griffin, supra*. Appellant properly preserved his remaining sentencing complaints. Nevertheless, Appellant's bald allegation of excessiveness does not warrant review. *See Mouzon, supra*. Likewise, Appellant's assertion that the court failed to consider mitigating factors, such as his background, substance abuse, and mental health issues, does not pose

a substantial question. **See Berry, supra**; **Cruz-Centeno, supra**. Here, the court had the benefit of a PSI report. Therefore, we can presume the court was aware of the relevant information regarding mitigating circumstances. **See Tirado, supra**. Thus, Appellant is not entitled to relief on his discretionary aspects of sentencing claims. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/13/20</u>