J-S17039-22
J-S17040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDDIE BENSON MILAN | |
| Appellant | No. 2413 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 26, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0003108-2019

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDDIE BENSON MILAN | |
| Appellant | No. 2414 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 26, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0003459-2019

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 14, 2022**

Appellant Eddie Benson Milan appeals from the October 26, 2021, judgments of sentence entered in the Court of Common Pleas of Chester County ("trial court"), following his open guilty plea to possession of drug paraphernalia, driving under the influence ("DUI") (third offense), fleeing or

attempting to eluding a police officer, resisting arrest, and recklessly endangering another person ("REAP").[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, on April 23, 2019, Appellant was charged with, among other things, possession of drug paraphernalia at docket number 3108-2019 ("First Case").  On August 18, 2019, Appellant was charged with multiple crimes, including DUI, fleeing/eluding a police officer, resisting arrest and REAP at docket number 3459-2019 ("Second Case").  On March 12, 2021, Appellant pleaded guilty to the aforementioned crimes in both cases.  On October 14, 2021, the trial court sentenced Appellant to an aggregate sentence of 60 to 120 months' imprisonment.

On October 19, 2021, Appellant filed post-sentence motions, challenging, *inter alia*, the trial court's discretionary aspects of sentencing. With respect to both cases, Appellant argued that the trial court abused its discretion in failing to consider his mitigating circumstances.  Separately, with respect to the Second Case, Appellant argued that the trial court abused its discretion in imposing consecutive, rather than concurrent, sentences.

On October 26, 2021, following a hearing, the trial court re-sentenced Appellant to an aggregate term of 45 to 90 months' incarceration in the Second Case.  Specifically, the trial court re-sentenced Appellant to 18 to 36 months' incarceration for DUI, and a consecutive term of 18 to 36 months in

_____

[1] 35 P.S. § 780-113(a)(32); 75 Pa.C.S.A. §§ 3802(d)(2) 3733(a); and 18 Pa.C.S.A. §§ 5104, 2705, respectively.

prison for fleeing/eluding a police officer. The court also imposed a consecutive term of 9 to 18 months' incarceration for resisting arrest. Lastly, the court directed Appellant to serve a sentence of 12 to 24 months in prison for REAP concurrently with his sentence of 18 to 36 months' imprisonment for fleeing/eluding a police officer. That day, the trial court also re-sentenced Appellant to 12 months' probation for possessing drug paraphernalia in the First Case. The probationary sentence was to run consecutively with the 18-to-36-months' sentence imposed in the Second Case for fleeing/eluding a police officer. Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal,[2] Appellant presents two issues for our review. First, he argues that his aggregate sentence is excessive because the trial court failed to consider mitigating factors. Second, Appellant argues that the trial court abused its discretion in imposing consecutive, rather than concurrent sentences in the Second Case.

_____

[2] When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id.** at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)). Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **See Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001), **appeal denied**, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part **Moury** test. Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P.

2119(f) statement in his brief.[3] We, therefore, must determine only if Appellant's sentencing issues raise a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *affirmed*, 125 A.3d 394 (Pa. 2015).

It is settled that this Court does not accept bald assertions of sentencing errors. *See Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits."

---

[3] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f).

***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" ***Commonwealth v. Bullock***, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Here, Appellant asserts in his Rule 2119(f) statement that (1) his sentence is excessive because the court did not take into account mitigating factors and (2) the trial court should have imposed concurrent, rather than consecutive, sentences in the Second Case. Based on Appellant's 2119(f) statement, we conclude that Appellant has failed to raise a substantial question.

Appellant's excessiveness claim principally is premised on his argument that the trial court failed to consider his mitigating circumstances. In this regard, we have "held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting ***Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010)); ***see also Commonwealth v. Berry***, 785 A.2d 994 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider certain mitigating factor generally does not raise a substantial question); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not

adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997) (finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence). Consistent with the foregoing cases, we conclude that Appellant failed to raise a substantial question with respect to his excessiveness claim premised on inadequate consideration of mitigating factors.

Even if we were to find a substantial question, Appellant still would not be entitled to relief. Our review of the sentencing transcript reveals that the trial court heard testimony and argument concerning Appellant's mitigating circumstances, especially his age and health issues, and considered the same in crafting his sentence. *See* N.T., Sentencing, 10/14/21, at 2-4, 15-18, 24.

Moreover, we consistently have recognized that excessiveness claims premised on imposition of consecutive sentences also do not raise a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (stating, "[a] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[.]"), *appeal denied*, 126 A.3d 1282 (Pa. 2015); *see also Commonwealth v. Ahmad*, 961 A.2d 884, 887 n.7 (Pa. Super. 2008); *Commonwealth v. Pass*, 914 A.2d 442, 446-47 (Pa. Super. 2006). Thus, consistent with the foregoing cases, we conclude that

Appellant failed to raise a substantial question with respect to his excessiveness claim premised on the imposition of consecutive sentences.

Finally, Appellant suggests that his sentence in the Second Case is illegal because the trial court failed to merge DUI, fleeing/eluding a police officer and resisting arrest for sentencing purposes.[4] In support, Appellant suggests that the offenses stemmed from a single criminal act. Without providing any legal authority, Appellant asserts that "[i]t is arguable that DUI and fleeing or eluding, as both are traffic code offenses, and DUI could satisfy fleeing or eluding if there is a failure to stop, should run concurrent." Appellant's Brief

_____

[4] Although Appellant seemingly raises a merger issue, he does not develop any cogent argument with citation to the record and legal authority for why the trial court erred in declining to merge the offenses in the Second Case. *See* Pa.R.A.P. 2119(a) (stating that the argument section of the parties' briefs "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctly displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."); **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009), ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citation omitted), **cert. denied**, 562 U.S. 906 (2010); **see also Commonwealth v. Murchinson**, 899 A.2d 1159, 1160 (Pa. Super. 2006) (deeming appellant's claims waived under Pa.R.A.P. 2119(a) because he did not develop meaningful argument with specific references to relevant case law and to the record to support his claims); **Commonwealth v. Heilman**, 867 A.2d 542, 546 (Pa. Super. 2005) (recognizing that failure to provide "such discussion and citation of authorities as are deemed pertinent" may result in waiver); **Commonwealth v. Cornelius**, 856 A.2d 62, 77 (Pa. Super. 2004) (declining to review appellant's claim where there was limited explanation and development of the argument). Despite this glaring omission, we decline to find waiver.

at 22. Appellant further claims that "resisting arrest satisfies the elements of fleeing and eluding." *Id.*

A claim that crimes merge for sentencing purposes raises a challenge to the legality of the sentence. *Commonwealth v. Martinez*, 153 A.3d 1025, 1029-30 (Pa. Super. 2016). We review this legal issue *de novo*, and our scope of review is plenary. *Id.* The merger statute, Section 9765 of the Judicial Code, provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from **a single criminal act** and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (emphasis added). Section 9765 prohibits merger "unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Golphin*, 161 A.3d 1009, 1029 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1051 (Pa. 2017).

Here, even assuming that the offenses in the Second Case arose from a single criminal act, Appellant still would not obtain relief because DUI, fleeing/eluding a police officer and resisting arrest do not have any statutory elements in common. Under Section 3802(d)(2) of the Vehicle Code:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle [when t]he individual is under the influence of a drug or combination of drugs to a degree

- 9 -

which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2). The offense of fleeing/eluding a police officer occurs when "[a]ny driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop[.]" 75 Pa.C.S.A. § 3733(a). With respect to resisting arrest:

A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104. Because the offenses are not completely subsumed within each other (and Appellant does suggest otherwise), the trial court did not err in failing to merge them for sentencing purposes.

Judgments of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 11/14/2022

- 10 -